UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD SMEGO et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3334 |
| | ) | |
| ARAMARK FOOD SERVICES CORP. et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On September 16, 2011, this case was transferred to this Court. Since then, a bevy of motions have been filed. Over eighty Plaintiffs challenge the constitutional adequacy of the food served at the Rushville Treatment and Detention Center. They also challenge the alleged unsanitary conditions under which the food is prepared, stored, and served. The Court continues to try to recruit counsel, but in the meantime this case must proceed without counsel.

Judge Baker's order entered August 31, 2011, proposed designating Plaintiff Smego as the spokesperson for Plaintiffs and also proposed a procedure for managing discovery and the filing of documents. A handful of Plaintiffs have

1

objected to Mr. Smego's designation as their spokesperson. Those Plaintiffs will be severed from this case. Over 50 Plaintiffs have expressly consented to Mr. Smego's designation as their spokesperson, and the rest have not responded. In the absence of objections, the Court will presume that Plaintiffs who have not responded consent to the designation of Mr. Smego as their spokesperson. If said Plaintiffs do not consent, they must file an objection with the Court and they, too, will be severed from this case.

IT IS THEREFORE ORDERED:

1. Plaintiff Smego is designated as Plaintiffs' spokesperson. The clerk is directed to issue a video writ to secure Plaintiff Smego's presence at the status hearing on October 17, 2011, at 3:30 p.m.

2. One of the purposes of the status hearing on October 17, 2011, will be to determine the logistics of conducting discovery, filing documents with the court, and distributing documents to Plaintiffs. This Court is inclined to adopt the procedures suggested by Judge Baker in his prior order regarding the posting of Mr. Smego's pleadings and discovery requests on each pod. This Court is also considering the Defendants' suggestion that their pleadings and this Court's orders be posted on each pod, rather than distributed to each individual plaintiff. Also to be discussed is Defendant Simpson's motion to sever.

3. **The clerk is directed to send a copy of this order and Judge Baker's 8/31/11 order to the Director of the Rushville Treatment and Detention Center. The Court requests that the Director arrange for an employee of the Center to appear at the status hearing on October 17, 2011, to discuss the procedures for posting the documents filed in this case on each pod and the procedures for distributing the mailings in this case to Plaintiffs. The employee may appear by telephone or video. The Court welcomes suggestions to make the process more efficient and manageable.**

4. Plaintiff Smego's motion to enforce Judge Baker's order is denied with leave to renew (d/e 283). Plaintiff alleges that an officer Durant prevented him from discussing this case with another Plaintiff. This appears to be an isolated incident. Plaintiff Smego may file a renewed motion after the October 17th conference if he is not allowed to communicate with the other plaintiffs.

5. Plaintiff Smego's motion to substitute Forest Ashby for Defendant Kibby in her official capacity is granted (d/e 290). The clerk is directed to add Forest Ashby as a defendant in his official capacity, pursuant to Fed. R. Civ. P. 25(d). Defendant Kibby remains as a defendant in her individual capacity.

6. Plaintiff Koster's motion to extend the deadline for his payment is denied as moot (d/e 292). His payment has been received.

7. Plaintiffs William Allen, Troy Curtner, Tommy Greenfield, Harold Peppers, Donald Stinson, Harold Lee TineyBey, and Larry Johnson have objected to the designation of Plaintiff Smego as their spokesperson. They have also filed a motion for appointment of counsel (d/e 295). The motion for counsel is denied as moot (d/e 295) because this Court is already looking for counsel in this case. These Plaintiffs will be severed from this case since they object to Plaintiff Smego's designation. However, these Plaintiffs should be aware that the Court is not going to try to recruit counsel for them in their duplicate case.

8. The claims by Plaintiffs William Allen, Troy Curtner, Tommy Greenfield, Harold Peppers, Donald Stinson, Harold Lee TineyBey, and Larry Johnson are severed from this case. The clerk is directed to open a new case for Plaintiffs Allen, Curtner, Greenfield, Peppers, Stinson, TineyBey and Johnson, with the same defendants and appearances for the defendants.

9. Plaintiff Smego's motion to dismiss Plaintiff TineyBey as not properly joined is denied as moot (d/e 298), since Plaintiff TineyBey is no longer a Plaintiff in this case.

10. The motion for an extension of time to pay the partial filing fee filed by Plaintiffs Erbe and Rainwater is denied (d/e 303), as the motion is not signed by them. However, the Court sua sponte grants them an extension to October 20,

2011, to make their payments.

11. The motions for sanctions (d/e 307) and to enforce Judge Baker's order (d/e's 308, 316) are denied with leave to renew after the status hearing on October 17, 2011, and after the Court enters an order finalizing the procedures to be followed in this case.

12. Plaintiff Pegues' motion for an extension to pay the partial fee is granted (d/e 311).

13. Plaintiff Casper's motion for an extension to pay the filing fee is denied as moot (d/e 312). The Court has already received Casper's payment.

14. Plaintiff Smego's motion for a docket sheet is granted (d/e 314). The clerk is directed to send Plaintiff Smego a copy of the docket sheet.

15. Plaintiffs' motion directing service (d/e 315) is denied with leave to renew after the status hearing on October 17, 2011, and after the Court enters an order finalizing the procedures to be followed in this case.

16. Plaintiffs' motions to join in Plaintiff Smego's filings are denied as unnecessary (d/e's 319, 322, 324, 325, 326, 327).

ENTERED: October 11, 2011

FOR THE COURT:

s/Sue E. Myerscough
                  SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE