UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD SMEGO et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3334 |
| | ) | |
| ARAMARK FOOD SERVICES CORP. et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

A status conference was held on October 17, 2011. Defense counsel appeared in person, and Plaintiff Smego appeared by video conference. Terry Williams and Chris Clayton, security officials at Rushville, appeared by telephone.

Defendants voiced valid concerns about the burden of proceeding with over 80 plaintiffs, and also voiced concerns that the appointment of Smego as spokesperson for Plaintiffs could be perceived as allowing Smego to act as Plaintiffs' de facto attorney, thus sanctioning the unauthorized practice of law by Smego. Defendants suggested that this case could proceed solely on Plaintiff

1

Smego's claims while the rest of the 80-some Plaintiffs' claims are stayed.[1]

Smego objected to Defendants' idea on the grounds that Plaintiffs all share the same claims arising from the same facts, which is why they sought class certification. Smego pointed out that the other Plaintiffs have authorized him to act as their spokesperson, and each Plaintiff will still have an opportunity to object to any filings or discovery documents prepared by Smego. He asserted that his filings have been a joint effort, with him collaborating with as many Plaintiffs as possible. He also offered ideas for making discovery less burdensome, such as limiting the number of discovery requests allowed by Plaintiffs.

The Court's concern about Defendants' idea to proceed only with Smego's claim and stay the rest of the claims is that the idea only kicks the can down the road.[2] The resolution of Smego's claim will not be *res judicata* as to the other Plaintiffs. The Court will still be left with 66 separate cases alleging unsanitary

---

[1] The original five Plaintiffs in this case filed a motion for class certification, attaching the affidavits of over 90 residents. That motion was denied by Judge Baker because Plaintiffs were not represented by an attorney. After the denial of class certification, most of the residents who had submitted affidavits for class certification in this case filed their own cases. There were about 66 new cases filed. Judge Baker then ordered the plaintiffs in the new cases to be joined in this case, finding that joinder may be required to avoid "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). The 66 new cases were then closed.

[2] As Defendants point out, Judge Baker is using this approach to deal with several cases challenging a blanket ban on certain movies and video games at the Rushville facility. *See* Smego v. Payne, 09-cv-3244. However, the first case with that issue, 09-3244, was much further along when the copycat cases were filed, making joinder or consolidation impractical. And, there were only a handful of copycat cases, not 66 of them as in this situation.

and inedible food, with each Plaintiff presumably entitled to conduct his own discovery. If Defendants are arguing that the result in Smego's case will bind the other Plaintiffs, then the other Plaintiffs must by definition be joined in this case because their interests may be impaired. Fed. Rule Civ. P. 19(a)(B)(i); *see also* Bouriboune v. Berge, 391 F.3d 852, 854 (7th Cir. 2004)("[D]istrict courts must accept complaints filed by multiple prisoners if the criteria for permissive joinder are satisfied."). The Court does not see how, in the long run, Defendants' burden will be lessened by separating this one case into over 60 cases and staying all but Smego's claim. After Plaintiffs file their amended complaint Defendants are free to file a motion to sever is they believe that these concerns of joinder and *res judicata* can be overcome.

Some possibilities may exist to ameliorate the burdens on Defendants if this case does proceed with all Plaintiffs and without appointed counsel.[3] For example, discovery at the outset could be limited to the one issue common to all claims: Do the food service practices or food served arise to an objectively serious condition under the Constitution?[4] If Plaintiffs do not survive summary judgment on that

---

[3]The Court has already asked six lawyers from six different law firms to accept pro bono representation, to no avail. The Court continues to search for counsel.

[4]Plaintiffs' hurdle is high. They are entitled to "'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" French v. Owens, 777 F.2d 1250, 1255 (7th Cir.

3

issue, the case is over. If Plaintiffs do survive summary judgment on whether their deprivations are objectively serious, perhaps that sole issue could go to trial, with damages and injunctive relief to be decided in later proceedings if the jury finds in favor of Plaintiffs. As to the logistical nightmare of sending copies to all Plaintiffs, Plaintiffs could consent to service by posting in the library, as suggested by the Rushville representatives at the status hearing. *See* Fed. R. Civ. P. 5(b)(2)(F)(service may be had by any means to which the person consents in writing). The library could also be used to obtain signatures from all Plaintiffs on pleadings, to ameliorate Defendants' concern about the unauthorized practice of law. And, Plaintiffs' discovery requests could be limited to a manageable number, as offered by Smego.

This discussion is hypothetical because there is no Complaint before the Court signed by all Plaintiffs. At this point the only Complaint officially before the Court is signed by Plaintiffs Smego, Schloss, Hyatt, Hoover, and Simons. (d/e 1). Simons voluntarily dismissed himself from this case on July 11, 2011.

The Court ruled orally at the status hearing that this case will proceed only

---

1985), quoting with approval Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980). For example, in French the court found a constitutional violation where the food areas were "unsanitary and infested with mice and roaches. The floor was found uncleanable due to holes, cracks, crevices, missing tile and gross porosity. Some of the ceiling was missing. Pots and pans were covered with uncleanable grime." 777 F.2d at 1255.

with Plaintiff Smego, subject to an amended complaint filed by Smego adding in the other Plaintiffs. However, since the current Complaint is also signed by Schloss, Hyatt, and Hoover, the case will proceed with those Plaintiffs as well.

If an amended complaint is filed, signed by all Plaintiffs, the issues discussed above will be brought to the fore, as will the question whether Defendant Simpson should be severed from this case. The Court will be in a better position to determine exactly what claims and relief are common to all Plaintiffs.

IT IS THEREFORE ORDERED:

1) Plaintiffs' motion to file an amended complaint is granted (d/e 340). The amended complaint is due January 9, 2011, and must be signed by all Plaintiffs who wish to pursue this action.

2) At this point, the case proceeds only as to Plaintiffs Smego, Schloss, Hyatt, and Hoover. However, the rest of the named Plaintiffs will remain on the docket, pending the filing of an amended complaint.

3) Discovery remains stayed pending the filing of an amended complaint.

4) Defendant Simpson's motion to sever is denied as moot (d/e 309), with leave to renew after an amended complaint is filed.

5) Plaintiffs' motion to supplement is denied as moot (d/e 317).

6) The motion by James Godfrey to join in Plaintiffs' motions is denied as

unnecessary (d/e 338).

7) The motion by Forest Biggs to direct the trust fund officer to pay the partial filing fee is denied (d/e 323). Biggs is responsible for paying that fee when funds become available. Sua sponte, Biggs has until December 30, 2011, to pay his partial filing fee.

8) The clerk is directed to send a copy of this order to all Plaintiffs listed on the docket sheet.

9) The clerk is directed to send a copy of this order to Terry Williams, Chris Clayton, and Forrest Ashby at the Rushville Treatment and Detention Center. The Court requests that Mr. Williams or Mr. Clayton post this order in the regular library at the facility. The Court further requests that Mr. Smego be permitted to post the amended complaint in the regular library for the purpose of obtaining signatures on the amended complaint.

10) Plaintiff Smego's motion for a copy of docket numbers 294 and 295 is granted (d/e 344). The clerk is directed to send Smego a copy of documents 294 and 295.

11) Plaintiff Smego's motion for a transcript of the hearing on October 17, 2011, is denied (d/e 345). Smego does not need a transcript of that hearing to pursue this case. The Court has already summarized the important points from that

hearing in this order.

12) The motion for reconsideration by Plaintiffs Allen, et al., is denied as moot (d/e 346).

13) The motion to join in the motion for reconsideration is denied as moot (d/e 348).

14) Plaintiff Beckel's motion to voluntarily dismiss himself from this case is granted (d/e 349).  Plaintiff Andrew Beckel is hereby dismissed and terminated as a Plaintiff, without prejudice.

15) One other case challenging Rushville's food service has been discovered which was not closed out and consolidated with this case:  <u>Jackie Hughes v. Phillips, et al.</u>, 11-3336.  The clerk is directed to enter the standard text order of consolidation in case 11-3336.

ENTERED: December 6, 2011

FOR THE COURT:

                                               s/Sue E. Myerscough
                                                 SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE