IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD SMEGO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3334 |
| | ) | |
| ARAMARK FOOD SERVICES CORP., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

On May 13, 2013, the Court denied the parties' respective summary judgment motions. The Court concluded that, regardless whether the "mechanically separated chicken" served at the Rushville Treatment and Detention Center violates federal regulations, jury questions remain regarding whether the food served at the Center meets constitutional standards. The parties have filed renewed motions for summary judgment, asking in part for a decision on the regulatory disputes.

The Court is still of the opinion that the regulatory disputes do not resolve this case. Contrary to Plaintiffs' assertion, a violation of

federal regulations does not automatically violate constitutional standards.  See <u>Scherer v. Davis</u>, 468 U.S. 183 n. 12 (1984)("Neither federal nor state officials lose their [qualified] immunity by violating the clear command of a statute or regulation—of federal or of state law—unless that statute or regulation provides the basis for the cause of action sued upon.").[1]  Likewise, the *absence* of a federal regulatory violation would not necessarily negate a constitutional claim.

However, the Court agrees that ruling on the regulatory disputes now will help streamline the trial and avoid confusing the jury.  For the reasons set forth below, the Court concludes that 9 C.F.R. § 319.6 does not prohibit the serving of meals containing mechanically separated chicken as the sole protein source.  Section 319.6 is irrelevant to this case.

Section 381.173, on the other hand, is relevant.  A reasonable inference arises from § 381.173 that the chicken labeled for further processing only should have been used only for soup stocks and such, which supports (but does not compel) Plaintiffs' conclusion

---

[1] Plaintiffs do not maintain that they have a private right of action under the regulations, nor do they cite any support for the argument that the regulations create a right enforceable under 42 U.S.C. Section 1983.  <u>Clifton v. Schafer</u>, 969 F.2d 278, 283 (7th Cir. 1992)("[V]iolation of a federal statute is not by itself sufficient to support a § 1983 action.")

that the mechanically separated chicken labeled for further processing was not fit for consumption. In any event, regardless of the label on the chicken, Plaintiffs maintain that the mechanically separated chicken meals make them ill, a claim which belongs with the jury.

**I.   The "20%" rule cited by Plaintiffs does not prohibit Aramark from serving a meal made completely with mechanically separated chicken. But that conclusion does not resolve Plaintiff's claim that the meals make them sick.**

Chapter III of Title 9 of the Code of Federal Regulations addresses the Food and Safety Inspection Service, an agency of the U.S. Department of Agriculture. 9 C.F.R. § 300.1. Part 381 of this chapter addresses poultry products; subpart P therein addresses "definitions and standards of identity or composition" for poultry products and contains two sections addressing mechanically separated chicken. 9 C.F.R. § 381.173-74. The latter section provides that mechanically processed chicken "may be used in the formulation of any poultry or meat food product, provided such use conforms with any applicable requirements of . . . this subchapter or part 319 of this chapter." 9 C.F.R. 381.174(b). Part 319

addresses "definition and standards of identity or composition" of meat products.

Aramark's menu lists entrees which many people might expect to be made with ground beef, such as spaghetti, meat loaf, and biscuits with gravy. Instead of using ground beef or sausage, these entrees are made with mechanically separated chicken. Plaintiffs argue that this practice violates 9 C.F.R. 319.6(b), which provides:

> Mechanically Separated (Species) described in § 319.5 that has a protein content of not less than 14 percent and a fat content of not more than 30 percent may constitute up to 20 percent of the livestock and poultry product portion of any meat food product except those listed in paragraph (d) of this section.

A "meat food product" is defined as food made from cattle, swine, sheep or goats. 9 C.F.R. Section 301.2. Section 319.5 describes "mechanically separated species" as "finely comminuted product" of livestock carcasses, examples of which are mechanically separated beef, veal, pork, and lamb. 9 C.F.R. § 319.5.

Plaintiffs contend that the mechanically separated chicken in menu items like spaghetti sauce with meat, meat loaf, and biscuits with sausage gravy can comprise only 20%

Page **4** of **13**

of the "meat" under this regulation. *See, e.g.,* 9 C.F.R. § 319.261 (meatloaf is a meat food product which may contain up to 20% mechanically separated poultry or mechanically separated livestock). They also argue that mechanically separated chicken cannot be the only "meat" or protein source in any meal.

Section 319.6 does not prohibit the use of mechanically separated chicken as the sole protein source in a meal. This section does not even apply to a meal made solely with mechanically separated chicken. Section 319.6(b) applies to the composition of "meat food products" which are products made from cattle, swine, sheep, or goats. 9 C.F.R. Section 301.2.

While a more accurate description for Aramark's "meat loaf" might be "mechanically separated chicken loaf," a misleading menu does not violate the Constitution. Thus, even if § 319.6(b) prohibits Aramark from calling the entrée "meatloaf" or "spaghetti" because the entree contains only mechanically separated chicken, that would not offend the Constitution. The printed menu might be relevant to show

state of mind—that Aramark tried to conceal the real ingredients in the meal by calling the meal a misleading name—but the misleading menu would not be independently actionable under the Constitution.

Though § 319.6 is not relevant to Plaintiff's claims, Plaintiff's constitutional claims that the mechanically separated chicken entrees make them sick still remain. Plaintiffs contend that these meals, served six times per week, taste awful and make them physically ill. Given the indefinite and prolonged length of Plaintiffs' detention, that is enough for a juror to infer an objectively serious deprivation. Plaintiffs have personal knowledge of whether they can stomach the meals, and deliberate indifference might reasonably be inferred from Defendants' refusal to make any changes.[2] Plaintiffs also have personal knowledge of the alleged unsanitary conditions in which the meals are prepared and served, a claim which they still pursue. (Pls.' Second Motion for Summary Judgment, p. 5, n. 1.)

---

[2] Defendants contend that the employees eat the meals without complaint, but Plaintiffs counter that most employees, except for security staff, bring their own food to work.

## II. Whether the mechanically separated chicken marked "for further processing" was improperly served to Plaintiffs is a jury question.

The parties agree that the mechanically separated chicken used in food products cannot exceed certain bone particle size and calcium content limits. 29 C.F.R. § 381.173(b)-(c). Mechanically separated chicken that exceeds those limits must be labeled as "mechanically separated chicken for further processing" and "used only in producing poultry extractives, including fats, stocks, and broths." 29 C.F.R. § 381.173(e).

The parties also agree that, for a period of time before and after Plaintiffs filed this case, Aramark served meals prepared from mechanically separated chicken labeled "for further processing only." Plaintiffs argue that, as a matter of law, the serving of this chicken violated Plaintiff's constitutional rights because Section 381.173(e) prohibits that practice. However, § 381.173(e) does not prohibit a "for further processing" label on mechanically separate chicken which *does* meet bone and calcium limits.

The Court does conclude that the label "for further processing only" and 29 C.F.R. §381.173(e) together create an inference in Plaintiffs' favor that the chicken so marked should have been used

only for soup stock and like products.[3]  However, that inference is not compelled.  Defendants' evidence counters that inference.  Dr. Scott Stillwell, the Vice President of Food Safety and Quality Assurance at Tyson Foods, Inc., avers that the chicken labeled for further processing only which was provided to Rushville met all regulatory requirements, including the bone and calcium limits.  He avers that the "for further processing only" label was only to warn the end user that raw chicken must be handled, stored, and cooked properly, and that the USDA has never required a "for further processing" label for any mechanically separated chicken sold by Tyson to Aramark for use at Rushville.  (Stillwell Aff. ¶¶ 7-12).

    Dr. Stillwell's affidavit allows for a reasonable inference that the mechanically separated chicken served to Plaintiffs by Aramark has always met the bone and calcium limits, regardless of labels.  However, as Plaintiffs point out, the dates in Dr. Stillwell's affidavit are inconsistent.  Dr. Stillwell avers that the mechanically separated chicken at issue was sold "to ARAMARK at the Rushville

---

[3] Plaintiffs also cite Defendant Dredge's deposition testimony that Dredge originally thought it was fine to serve the "for further processing only" chicken by itself, but then later came to believe that said chicken must by "used in conjunction with another product."  (Dredge Dep. p. 32.)  This does not support Plaintiff's claim that the "for further processing only" chicken could not be served at all.  Further, Dredge's understanding of federal regulations would not change what the federal regulations say.

Treatment and Detention facility in Rushville, IL ('Rushville') for approximately eight years, and at least from January 2011 to the present." (Stillwell Aff. ¶ 6.) The Court is not sure what that sentence means, and Plaintiffs contend that Aramark has only been providing meals at Rushville since 2010. Dr. Stillwell later avers that the mechanically separated chicken has been served at Rushville "from at least January 2011 to the present" but this case also involves the year 2010. (Stillwell Aff. ¶ 12.) Additionally, Plaintiffs have a point that Dr. Stillwell's averment that the "for further processing only" label was simply to alert the user of the dangers of raw chicken may be hard to believe in light of § 381.173(e). Did Tyson label all of its raw chicken "for further processing only"? Does Tyson sell mechanically separated chicken which does not meet bone particle and calcium requirements? If so, how does Tyson label that chicken? Dr. Regenstein's affidavit is of little help because it is based on Defendants' representation that the mechanically separated chicken at all times met the bone and calcium requirements.

    In sum, neither side has incontrovertible evidence regarding whether the mechanically separated chicken labeled for further

processing only met the bone particle size and calcium content requirements in § 381.173. The Court must draw inferences in Plaintiffs' favor at this stage and may not weigh the strength of competing inferences. Stokes v. Board of Educ. of the City of Chicago, 599 F.3d 617 (7th Cir. 2010)("In deciding a motion for summary judgment, neither the district court nor this court may assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.") A rational juror could find that the mechanically separated chicken labeled for further processing should have been used only for soup stocks and the like, which supports Plaintiffs claim that the meals made them sick. A rational juror could also conclude that, regardless of whether the chicken met bone and calcium limits, the meals still made Plaintiffs sick.

### III. Drawing reasonable inferences in Plaintiffs' favor, Defendant Ashby knew that the mechanically separated chicken meals were sickening.

Defendant Ashby, the former Director of the Rushville Treatment and Detention Center, moves separately for summary judgment on grounds that no evidence exists that he was deliberately indifferent to any problem with the food. He has

evidence that Plaintiffs have consistently maintained normal or above-normal weights and have no demonstrable health problems. Plaintiffs do not dispute that Ashby referred complaints about the food to the dietary manager and that Ashby has no special training in dietary matters. Ashby avers that he sampled the meals twice a week, but Plaintiffs dispute this.

The Court agrees with Defendant Ashby that he was entitled to rely on the dietary manager's assurance that the food being served met federal requirements and was properly prepared and served. That is not something within a layperson's purview.

However, the real question in this case, in the Court's opinion, is whether the mechanically separated chicken meals are as bad as Plaintiffs say. That question is really one of credibility. As the Court stated in its last opinion, Plaintiffs maintain that the mechanically separated chicken meals are sickening, repeatedly causing nausea, diarrhea, gastrointestinal distress, and, at least as to Plaintiff Schloss, weight loss. If the mechanically separated chicken meals are as bad as Plaintiffs say, then a rational juror could find that Plaintiffs are regularly provided sickening food. If a rational juror concluded that the meals were intolerable on a

regular basis, that juror could also rationally conclude that Defendant Ashby was subjectively aware of the problem through Plaintiffs' many complaints and Ashby's ability to try the food for himself.  A rational juror could also conclude that Ashby had the authority to do something about it by demanding that Aramark fix the situation.  Accordingly, the entry of summary judgment is not appropriate for Defendant Ashby, nor is a finding of qualified immunity.

**IT IS ORDERED:**

1) Aramark Food Services Corporation's second motion for summary judgment is granted in part and denied in part (d/e's 471).  The motion is granted as to the dispute over 9 C.F.R. 319.6.  Section 319.6 is irrelevant.  This regulation does not prohibit the serving of mechanically separated chicken as the sole protein source in meals.  The motion is otherwise denied.

2) The rest of the pending summary judgment motions are denied (d/e's 470, 475, 476).

3) A status conference is set by telephone conference on January 27, 2014 at 1:30 p.m. in order to set dates for the final pretrial conference and jury trial.

ENTER:  January 10, 2014
FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE